In the Matter of the Application of WILLIAM H. WALSH, Respondent, for a Peremptory Order of Mandamus against NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM and Others, Appellants.— Order granting respondent's application for a peremptory mandamus order and directing the appellants to use as the average compensation earnable during the last five years city service of the respondent the sum of $2,737.50, in place and stead of the sum of $2,333.80, and to make appropriate corrections and payments in accordance therewith and to fix and accept from the respondent the difference between the amount deducted from the salary of the petitioner during 1935 on a five and one-half day week basis and the amount which should have been deducted on a seven-day week basis, reversed on the law and the facts, without costs, and motion denied, without costs, and without prejudice to an application for an alternative order of mandamus. In our opinion, a question of fact was presented as to whether or not the reductions were effected in accordance with the emergency legislation (Laws of 1932, chap. 637),* for the purpose of reducing the respondent's salary temporarily during the course of the

* See Session Laws of 1933, p. xx, Extraordinary Session of 1932.— [REP.

emergency, or whether the reductions were of a permanent nature, independent of the emergency legislation, and to make such salary conform to the prevailing rate of wages, pursuant to section 220 of the Labor Law. Section 220 of the Labor Law does not prohibit the city from paying in excess of the prevailing rate and, if such salary was in excess of the prevailing rate, the emergency legislation may have had application. The allegation of the appellants that the reduction in wages was not made pursuant to the provisions of the Economy Act and that the number of days of employment was based upon considerations independent of the Economy Act is conclusive in an application of this character. The acceptance by the appellants of contributions on a seven-day week basis up to and including the year 1934 must be considered in the light of all the facts and circumstances with respect to the intention of the parties at the time the reductions were made. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.